IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-03-1465-W |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATION

Pursuant to the Order of Referral entered November 9, 2011 (Doc. #152), the Plaintiff's "Motion of Further Contempt and Court Order" filed November 8, 2011 (Doc. #151) has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In this Motion, Plaintiff alleges that "certain . . . staff" members at the John H. Lilly Correctional Center ("JHLCC") where Plaintiff is confined are "hindering his ability to consult with an attorney and to prepare for" Plaintiff's deposition to be conducted by Defendant. Defendant sought to depose Plaintiff in connection with Plaintiff's Motion for Contempt and Enforcement of Judgment for Permanent Prospective Injunctive Relief filed September 15, 2011. (Doc. #139). The Court granted Defendant's Motion for Leave to Depose Plaintiff in an Order entered October 4, 2011. (Doc. #147). The Court has also directed that Plaintiff's deposition be conducted sometime between November 14, 2011 and November 23, 2011. (Doc. #150).

In the instant Motion, Plaintiff alleges that JHLCC officials have denied his requests to use the law library at the prison, to allow Plaintiff to make a telephone call to his former attorney in this litigation, Mr. Rand Eddy, and to release additional funds from Plaintiff's mandatory savings account for payment of Mr. Eddy's attorney's fees for advising, but not representing, Plaintiff in connection with Plaintiff's pending motion seeking to hold Defendant Jones, in his capacity as the Director of the Oklahoma Department of Corrections ("DOC"), in contempt. The record shows that Mr. Eddy was allowed to withdraw from his court-appointed representation of Plaintiff in this civil rights action on April 2, 2007. (Doc. #135). Documentary evidence filed by Plaintiff in this matter reflects that Plaintiff corresponded with Mr. Eddy in September 2011 requesting that Mr. Eddy "supervise the progress" of Plaintiff's civil contempt motion and offering an enclosed $375.00 check to pay for Mr. Eddy's services. (Doc. #148, att. 1). Mr. Eddy responded to Plaintiff that he would be willing to "supervise" Plaintiff's pleadings but he would not enter an appearance in this matter, although Mr. Eddy charged Plaintiff $250.00 for his "hour of time providing the services" of reviewing Plaintiff's contempt motion and attached exhibits and corresponding with Plaintiff. (Doc. #148, att. 1).

With Plaintiff's "Motion of Further Contempt and Court Order," Plaintiff has filed copies of numerous grievance forms submitted to JHLCC officials in the previous month reflecting that Plaintiff wants prison officials to both provide him access to a law library and release funds from his mandatory savings account to pay for Mr. Eddy's legal services. JHLCC officials have advised Plaintiff that, pursuant to DOC policy, attorney's fees cannot

be paid from his mandatory savings account without a court order.  JHLCC officials have also advised Plaintiff that, pursuant to DOC policy, he is not entitled to access to the prison's law library because, as Plaintiff has repeatedly stated in his grievance submissions, he has an attorney representing him.

"A district court may properly exercise personal jurisdiction over a nonparty for purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order." ClearOne Communications, Inc. v. Bowers, 651 F.3d 1200, 1215-1216 (10th Cir. 2011).  Plaintiff does not allege, however, in the instant Motion that Defendant or any nonparty has violated the Judgment entered in this matter.  Rather, Plaintiff has alleged that JHLCC officials have violated his right of access to the courts and/or his limited First Amendment right to telephone access.  See Burnett v. Jones, No. 10-6285, 2011 WL 3835539, * 6 (10th Cir. Aug. 31, 2011)(unpublished op.)(recognizing that "'a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution'")(quoting Robinson v. Gunja, 92 F. App'x 624, 627 (10th Cir. 2004)(unpublished op.))(internal quotation omitted).  Plaintiff is actually attempting to assert new claims against nonparties in this litigation wholly unrelated to the issues that prompted the Judgment issued herein.  Moreover, nothing before the undersigned suggests that Plaintiff is unable to adequately prepare for a deposition in this matter related to his own pending civil contempt motion.  Accordingly, Plaintiff's "Motion of Further Contempt and Court Order"

should be DENIED.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's "Motion of Further Contempt and Court Order" (Doc. # 151) be DENIED. Plaintiff is advised of the right to file an objection to this Fourth Supplemental Report and Recommendation with the Clerk of this Court by December 5th, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Fourth Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Fourth Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   14th   day of   November  , 2011.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE